STATE OF WISCONSIN      CIRCUIT COURT      MILWAUKEE COUNTY

PAUL R. CONFORTI,

        Plaintiff,             CASE NO. 20-CV-758

HUMANA CARESOURCE, and
ABC INSURANCE COMPANY,

        Involuntary Plaintiffs,

v.

CITY OF FRANKLIN,
OFFICER CHRISTOPHER RYDELSKI,
OFFICER GARY WALLACE, and
LEAGUE OF WISCONSIN MUNICIPALITIES
MUTUAL INSURANCE,

        Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF CITY OF FRANKLIN, CHRISTOPHER RYDELSKI, GARY WALLACE AND LEAGUE OF WISCONSIN MUNICIPALITIES MUTUAL INSURANCE

City of Franklin, Christopher Rydelski, Gary Wallace and League of Wisconsin Municipalities Mutual Insurance ("Answering Defendants"), by their attorneys, MUNICIPAL LAW & LITIGATION GROUP, S.C., hereby submit the following Answer and Affirmative Defenses to Plaintiff's Complaint.

### I. INTRODUCTION

1. Answering ¶ 1, admit this action is brought under 42 U.S.C. § 1983 but deny these Answering Defendants acted improperly or in violation of Plaintiff's constitutional, civil and/or statutory rights as alleged or otherwise.

1

EXHIBIT B

## II.   PARTIES

2. Answering ¶ 2, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiff specifically to his proof thereon.

3. Answering ¶ 3, these allegations relate only to other parties and therefore no response is required from these Answering Defendants. To the extent this paragraph is found to pertain to these Answering Defendants, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiff specifically to his proof thereon.

4. Answering ¶ 4, these allegations relate only to other parties and therefore no response is required from these Answering Defendants. To the extent this paragraph is found to pertain to these Answering Defendants, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiff specifically to his proof thereon.

5. Answering ¶ 5, admit the City of Franklin is a municipal entity organized and existing pursuant to Wisconsin law with offices at said address, and that the City of Franklin has a police department; as further answer, deny Plaintiff's description is either complete or correct.

6. Answering ¶ 6, admit Christopher Rydelski was employed by the Franklin Police Department at all times relevant to this lawsuit and that he at all times acted consistent with his authority and within the scope of his employment.

7. Answering ¶ 7, admit Gary Wallace was employed by the Franklin Police Department at all times relevant to this lawsuit and that he at all times acted consistent with his authority and within the scope of his employment.

8. Answering ¶ 8, admit the League of Wisconsin Municipalities Mutual Insurance is an insurance carrier authorized to do business in the State of Wisconsin located at 402 Gammon Place, Suite 225, Madison, WI 53719, and that it held a policy insuring the City of Franklin at all times material hereto; as further answer, deny Plaintiff's description is either complete or correct and therefore deny the same and affirmatively allege the claims are subject to all the terms, limitations of liability, conditions, exclusions and provisions contained within the insurance policy it issued.

### III. GENERAL FACTUAL ALLEGATIONS

9. Answering ¶ 9, deny Plaintiff's description is either complete or correct.

10. Answering ¶ 10, deny Plaintiff's description is either complete or correct.

11. Answering ¶ 11, deny Plaintiff's description is either complete or correct.

12. Answering ¶ 12, deny Plaintiff's description is either complete or correct.

13. Answering ¶ 13, deny Plaintiff's description is either complete or correct.

14. Answering ¶ 14, deny Plaintiff's description is either complete or correct.

15. Answering ¶ 15, deny Plaintiff's description is either complete or correct.

16. Answering ¶ 16, deny Plaintiff's description is either complete or correct.

17. Answering ¶ 17, deny Plaintiff's description is either complete or correct.

18. Answering ¶ 18, deny Plaintiff's description is either complete or correct.

19. Answering ¶ 19, deny Plaintiff's description is either complete or correct.

20. Answering ¶ 20, deny Plaintiff's description is either complete or correct.

21. Answering ¶ 21, deny Plaintiff's description is either complete or correct.

22. Answering ¶ 22, deny Plaintiff's description is either complete or correct; as further answer, deny these Answering Defendants acted improperly or in violation of Plaintiff's

constitutional, civil and/or statutory rights as alleged or otherwise.

23. Answering ¶ 23, deny Plaintiff's description is either complete or correct.

24. Answering ¶ 24, deny Plaintiff's description is either complete or correct.

25. Answering ¶ 25, deny Plaintiff's description is either complete or correct.

26. Answering ¶ 26, deny Plaintiff's description is either complete or correct.

27. Answering ¶ 27, deny Plaintiff's description is either complete or correct.

28. Answering ¶ 28, deny Plaintiff's description is either complete or correct.

29. Answering ¶ 29, deny Plaintiff's description is either complete or correct.

30. Answering ¶ 30, deny Plaintiff's description is either complete or correct.

31. Answering ¶ 31, deny Plaintiff's description is either complete or correct.

32. Answering ¶ 32, deny Plaintiff's description is either complete or correct.

33. Answering ¶ 33, deny Plaintiff's description is either complete or correct.

34. Answering ¶ 34, deny Plaintiff's description is either complete or correct.

35. Answering ¶ 35, deny Plaintiff's description is either complete or correct.

36. Answering ¶ 36, deny Plaintiff's description is either complete or correct.

37. Answering ¶ 37, deny Plaintiff's description is either complete or correct.

38. Answering ¶ 38, deny Plaintiff's description is either complete or correct.

39. Answering ¶ 39, deny Plaintiff's description is either complete or correct.

40. Answering ¶ 40, deny Plaintiff's description is either complete or correct.

41. Answering ¶ 41, deny Plaintiff's description is either complete or correct.

42. Answering ¶ 42, deny Plaintiff's description is either complete or correct.

43. Answering ¶ 42, deny Plaintiff's description is either complete or correct.

44. Answering ¶ 44, deny Plaintiff's description is either complete or correct.

45. Answering ¶ 45, deny Plaintiff's description is either complete or correct.

46. Answering ¶ 46, deny Plaintiff's description is either complete or correct.

47. Answering ¶ 47, deny Plaintiff's description is either complete or correct.

48. Answering ¶ 48, deny.

49. Answering ¶ 49, deny Plaintiff's description is either complete or correct.

50. Answering ¶ 50, deny Plaintiff's description is either complete or correct.

51. Answering ¶ 51, deny Plaintiff's description is either complete or correct.

52. Answering ¶ 52, deny Plaintiff's description is either complete or correct.

53. Answering ¶ 53, deny Plaintiff's description is either complete or correct.

54. Answering ¶ 54, deny Plaintiff's description is either complete or correct.

55. Answering ¶ 55, deny Plaintiff's description is either complete or correct.

56. Answering ¶ 56, deny Plaintiff's description is either complete or correct.

57. Answering ¶ 57, admit Plaintiff was provided with medical care; as further answer, deny.

58. Answering ¶ 58, admit Plaintiff received medical attention; as further answer, deny Plaintiff's description is either complete or correct.

59. Answering ¶ 59, admit Plaintiff received medical attention; as further answer, deny Plaintiff's description is either complete or correct.

60. Answering ¶ 60, deny Plaintiff's description is either complete or correct.

## IV. FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS RYDELSKI AND WALLACE – VIOLATION OF THE FOURTH AMENDMENT

61. Answering ¶ 61, repeat, reallege, and incorporate herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

5

62. Answering ¶ 62, admit Rydelski and Wallace were "persons" under 42 U.S.C. § 1983 who acted under color of state law; as further answer, deny these Answering Defendants acted improperly or in violation of Plaintiff's constitutional, civil and/or statutory rights as alleged or otherwise.

63. Answering ¶ 63, deny.

64. Answering ¶ 64, deny.

65. Answering ¶ 65, deny.

66. Answering ¶ 66, admit Rydelski and Wallace acted under color of state law and at all times consistent with their authority and within the scope of their employment; as further answer, deny Plaintiff's description is either complete or correct.

67. Answering ¶ 67, deny.

68. Answering ¶ 68, deny.

### V. SECOND CLAIM FOR RELIEF—FAILURE TO INTERVENE AGAINST DEFENDANTS RYDELSKI AND WALLACE

69. Answering ¶ 69, repeat, reallege, and incorporate herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

70. Answering ¶ 70, deny.

71. Answering ¶ 71, deny.

72. Answering ¶ 72, deny.

### VI. THIRD CLAIM FOR RELIEF

73. Answering ¶ 73, repeat, reallege, and incorporate herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

74. Answering ¶ 74, deny.

75. Answering ¶ 75, deny.

76. Answering ¶ 76, deny.

77. Answering ¶ 77, deny.

78. Answering ¶ 78, deny.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses to Plaintiff's Complaint, these Answering Defendants submit the following:

a. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by his own acts or omissions or her failure to mitigate;

b. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than these Answering Defendants;

c. The injuries and damages, if any, were the direct and proximate result of intervening and/or superseding causes;

d. The Complaint contains claims which fail to state a claim upon which relief may be granted as against these Answering Defendants;

e. The injuries and damages, if any, were not caused by a governmental policy or practice of these Answering Defendants;

f. These Answering Defendants are immune from suit under common law and statutory immunities and privileges, including qualified immunity;

g. The acts of these Answering Defendants were in good faith and were not motivated by malice or intent to harm;

h. Plaintiff's claims for punitive damages are not supported by law or by the

7

Constitution;

i. With respect to any and all allegations in the Complaint claiming damages for expenses which may have been paid by subrogated entities, these Answering Defendants deny that Plaintiff is entitled to recover the same;

j. Plaintiff may have failed to name indispensable and necessary parties to this litigation;

k. These Answering Defendants incorporate the affirmative defenses of all co-defendants to the extent that they are applicable these Answering Defendants; and

l. These Answering Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds.

WHEREFORE, these Answering Defendants respectfully request judgment as follows:

a. For a dismissal of Plaintiff's Complaint upon its merits;

b. For the costs and disbursements of this action;

c. For reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. For such other relief as this Court deems just and equitable.

**THESE ANSWERING DEFENDANTS HEREBY REQUEST A TRIAL BY JURY**

Dated this 3rd day of March, 2020.

**MUNICIPAL LAW & LITIGATION GROUP, S.C.**
Attorneys for City of Franklin, Officer Christopher Rydelski, Officer Gary Wallace and League of Wisconsin Municipalities Mutual Insurance.

By: /s/ Remzy D. Bitar
REMZY D. BITAR
State Bar No: 1038340
MATTEO REGINATO
State Bar No: 1089724

730 N. Grand Avenue

Waukesha, WI 53186
O: (262) 548-1340
F: (262) 548-9211
E: rbitar@ammr.net
mreginato@ammr.net