UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL R. CONFORTI,
       Plaintiff,
   v.                                                                                 Case No. 20-C-0349

CITY OF FRANKLIN, et al.,
       Defendants.
_____

## DECISION AND ORDER

Paul Conforti brings this action under 42 U.S.C. § 1983 and alleges that two City of Franklin police officers used excessive force during an arrest. The case is set for a jury trial. In a separate order issued today, I addressed the parties' motions in limine that pertained to expert testimony. In this order, I address the parties' remaining motions in limine, which relate to a variety of issues.

**A.    Admissibility of Plaintiff's Prior Convictions**

Each party has filed a motion in limine regarding the admissibility of the plaintiff's convictions. Plaintiff has three felony convictions for forgery dated October 30, 2009, and three misdemeanor convictions for theft dated March 7, 2007. The parties agree that more than ten years have passed since these convictions were entered or the plaintiff was released from confinement in connection with them. Thus, the convictions cannot be used to attack the plaintiff's character for truthfulness unless the defendants show through specific facts and circumstances that the probative value of the convictions substantially outweighs their prejudicial effect. Fed. R. Evid. 609(b). The Seventh Circuit has noted that impeachment by a conviction falling outside the rule's ten-year time limit should be permitted only in rare and exceptional circumstances. *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008).

I conclude that the defendants have not made the required showing. Although the convictions for forgery involved dishonesty and thus relate to the plaintiff's character for truthfulness, the convictions are very old, with the most recent having been entered thirteen years ago. Since that time, the plaintiff has not been convicted of a crime. This history suggests that the convictions are no longer probative of the plaintiff's credibility. *See United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977). The Seventh Circuit has held that a district court may exclude even perjury convictions that are older than 10 years, so the mere fact that these convictions relate to dishonesty does not make them admissible. *See United States v. Gray*, 410 F.3d 338, 346 (7th Cir. 2005). Further, the prejudicial effect of the convictions is high, in that they may suggest to the jury that the plaintiff is a bad person who is not entitled to redress for his injuries regardless of the merits of his claims. Therefore, I conclude that the probative value of the convictions does not substantially outweigh their prejudicial effect.

The defendants also contend that the convictions are relevant to the plaintiff's claim for emotional-distress damages because a psychiatrist diagnosed the plaintiff with PTSD and depression while he was incarcerated in 2009. In assessing whether the defendants may use the evidence for this purpose, I employ the general relevance standard of Rule 401 and the balancing test of Rule 403, rather than Rule 609(b). *See Barber v. City of Chicago*, 725 F.3d 702, 712 (7th Cir. 2013). And I conclude that the evidence of the convictions is inadmissible under these standards. The psychiatric diagnosis was not based on the convictions themselves, but on various factors involving the plaintiff's lifestyle at the time. There is no evidence that the imprisonment or the convictions from more than ten years ago are having any effect on the plaintiff's current

2

Case 2:20-cv-00349-LA    Filed 04/20/22    Page 2 of 13    Document 84

mental state. Thus, the probative value of the convictions is substantially outweighed by the danger of unfair prejudice. The plaintiff's motion to exclude the convictions will be granted, and the defendants' motion to admit them will be denied.

B. **Evidence Relating to Plaintiff's Personal Life**

The plaintiff argues that evidence of various aspects of his personal life that were uncovered during discovery should not be admitted at trial because they are irrelevant and because any probative value of the evidence is substantially outweighed by a danger of unfair prejudice.

1. **Sexual Orientation**

First, the plaintiff contends that evidence concerning his sexual orientation is inadmissible. The only evidence in the record concerning the plaintiff's sexual orientation is a passage from his deposition in which he admitted that, in 2009 or earlier, he lived with a male roommate who wanted to have a sexual relationship with him. The plaintiff told the roommate that he was not gay, and eventually the plaintiff stopped living with the person.

The defendants contend that evidence of the plaintiff's sexual orientation is relevant to damages because it may be a source of his claimed emotional distress. However, the defendants have no evidence that the plaintiff has struggled with his sexual orientation or that his sexual orientation otherwise causes him mental distress. For this reason, any questions about the plaintiff's sexual orientation would serve no purpose than to harass or try to embarrass the plaintiff. Thus, evidence about the plaintiff's sexual orientation is inadmissible. *See* Fed. R. Evid. 402 & 403.

2. **Living Arrangements/Homelessness**

3

The plaintiff next contends that evidence of his "prior or current living arrangements, including homelessness" should be excluded. The plaintiff's motion originally focused on a passage from his deposition in which he referenced "couch hopping" and being homeless at some point prior to his incarceration in 2009. I agree with the plaintiff that this evidence is not relevant to any issue in the case. Although the plaintiff seeks damages for emotional distress, there is no evidence that his homelessness thirteen years ago might still be a source of emotional distress.

But there is also evidence in the record that the plaintiff is currently a truck driver who sleeps in his truck and lives out of truck stops. I think it is fair to say that the plaintiff's current living situation is relevant to his mental well-being. Even if the plaintiff denies that his living situation is a source of stress, the defendants may fairly ask about it and plausibly argue that it is a cause of his depression. Moreover, the plaintiff contends that his encounter with the officers has led to a loss of sleep. The plaintiff's lifestyle of living on the road is relevant as a potential alternative cause of his sleeplessness. Finally, the evidence does not present a danger of unfair prejudice. A jury is not likely to look down at the plaintiff because he drives a truck for a living and mostly lives on the road. Accordingly, evidence of the plaintiff's current work and living situations is admissible.

### 3. Plaintiff's Relationship with His Mother

The plaintiff also moves to exclude evidence that he is estranged from his mother. Again, however, the plaintiff seeks damages for emotional distress. Because family issues are often a source of mental distress, the defendants have a right to ask the plaintiff about this on cross-examination. But I do not intend to allow extensive questioning on this

4

point—I will not allow a mini-trial about the plaintiff's relationship with his mother to develop.

### 4. Plaintiff's Employment History

The plaintiff next contends that evidence of his employment history and work performance prior to his encounter with the defendants is inadmissible as irrelevant and unfairly prejudicial. He specifically points to evidence that he was terminated from, or quit, jobs at several trucking companies between 2011 and 2018 and was rejected for several jobs because of his criminal history. Because the plaintiff is not seeking compensation for loss of earning capacity, I generally agree that this evidence is irrelevant.

The defendants contend that the plaintiff's work history is relevant to his claim for emotional-distress damages. However, no evidence connects the plaintiff's past employment issues with his current mental state. If the defendants believe that the plaintiff's current employment (or lack thereof) is a source of stress, they may ask him questions about it on cross-examination. But they may not introduce evidence of the plaintiff's employment history from prior to his encounter with the defendants to suggest that it is the actual cause of his post-encounter emotional distress.

### C. Evidence Concerning City of Franklin Police Department Internal Investigation Procedures

The defendants move to exclude evidence concerning the City of Franklin Police Department's internal policies and procedures. The defendants note that the plaintiff has not brought a claim against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and that therefore evidence concerning its internal policies and procedures would be irrelevant. Although the plaintiff opposes this motion, he has not

5

identified any evidence of internal policies that he intends to use at trial or explained how that evidence might be relevant to his claims. Because I cannot envision any way in which evidence of the City's internal policies might be relevant, I will grant the defendants' motion and exclude all such evidence under Federal Rule of Civil Procedure 402.

**D.  Evidence or Argument Concerning Matters Unknown to the Officers**

The defendants move to exclude evidence concerning three facts of which they claim they were unaware when they decided to arrest and use force on the plaintiff: (1) the plaintiff was unarmed, (2) the plaintiff intended to leave the hospital when he walked outside, and (3) the plaintiff was diagnosed with, or experienced the symptoms of, Asperger's Syndrome or any other mental-health condition during the incident.

**1.  Evidence that Plaintiff was Unarmed**

The defendants contend that evidence that the plaintiff was unarmed should be excluded because matters not known to the officers at the time that they made the decision to use force are not relevant to the objective reasonableness of the use of force. *See Sherrod v. Berry*, 856 F.2d 802 (7th Cir. 1988). In the present case, however, there is evidence that the officers learned that the plaintiff was unarmed during their pat-down search. After the search, the defendants used force on the plaintiff, including by decentralizing him, delivering knee strikes, removing him from the backseat of the squad car, pinning him to the ground, and restraining him in the wrap. Thus, the plaintiff's having been unarmed was part of the totality of the circumstances faced by the officers at the time they made the decision to use such force and is relevant and admissible.

It may be true that the officers did not know that the plaintiff was unarmed when they first made contact with him and ordered him to remove his hands from his pocket.

6

However, the plaintiff is not pursuing a claim based on this initial contact. Moreover, the officers do not claim that any force that they used on the plaintiff after he was placed in handcuffs was based on their uncertainty over whether he was armed. Thus, allowing the jury to hear evidence that the plaintiff was unarmed during the entire encounter would not present a danger of unfair prejudice or one of the other factors identified in Rule 403, as it would if the officers were claiming that they used lethal force on the plaintiff due to their belief that he was about to use a weapon. Accordingly, evidence that the plaintiff was unarmed is admissible at trial.

**2. Evidence that the Plaintiff Intended to Leave the Hospital**

The defendants next contend that evidence that the plaintiff was in the process of leaving the hospital premises when the defendants approached him is irrelevant because the officers could not have known the plaintiff's subjective intentions when they made the decision to approach him. Initially, I note that, because the plaintiff is not bringing a claim based on the officers' decision to detain him, the plaintiff's having had the intent to leave the hospital would not be relevant to any claim even if the officers were aware of that fact. However, the facts leading up to the plaintiff's encounter with the officers are generally relevant as background facts and should be admitted unless there is a danger of unfair prejudice. It would be awkward to allow testimony about the officers' encounter with the plaintiff but not allow the plaintiff to explain why he was standing outside the hospital at that time. Prohibiting testimony about why he was outside might even unfairly prejudice the plaintiff's case, for the jury might wonder what he was doing outside if he testifies that he went outside but cannot explain why. At the same time, there is no danger that this testimony would present a danger of unfair prejudice to the defendants. The officers seem

7

to think that, if the plaintiff testifies that he was about to leave the hospital, the jury might think that the plaintiff was less of a threat than the officers thought he was. But again, the plaintiff is not bringing a claim alleging that the officer's initial decision to detain and lay hands on him was unlawful, and so the jury will not be asked to evaluate whether the officers reasonably viewed the plaintiff as a threat when they first encountered him. In any event, the jury's learning that the plaintiff was planning to leave the hospital before the officers approached him is not at all likely to cause them to decide the case on improper grounds. Accordingly, the defendants' motion to exclude this evidence will be denied.

### 3. Evidence of Asperger's Syndrome

The defendants argue that the plaintiff should be precluded from introducing evidence that he has been diagnosed with Asperger's Syndrome or that he was experiencing symptoms of any mental-health condition during his encounter with the officers because that information was unknown to the officers at the time. I agree that evidence of this kind is inadmissible to prove that the officers used unreasonable force. However, such evidence is relevant to the plaintiff's claim that he is entitled to damages for emotional distress. As part of his claim for such damages, the plaintiff is entitled to present evidence that he suffers from mental conditions that affect the way that he experiences stressful events and that worsen the symptoms of post-traumatic stress. Accordingly, I will grant the motion to the extent that evidence of the plaintiff's mental condition may not be used to prove that the officers acted unreasonably and deny the motion to the extent that such evidence may be used to prove emotional-distress damages.

### E. Exclude Evidence or Opinions Critical of Events that Occurred before the Plaintiff was Handcuffed

The defendants seek to exclude testimony and opinions that are critical of decisions that the officers made prior to the time they handcuffed the plaintiff. The defendants argue that, because the plaintiff is not pursuing claims based on the officers' conduct up through the handcuffing, such evidence would be irrelevant. The defendants identify seven specific topics that they believe should be off limits: (1) the plaintiff was not committing a crime before the officers approached him; (2) the officers improperly investigated the reported disturbance before they approached the plaintiff outside; (3) the officers did not have a legal basis to approach the plaintiff outside or approached him improperly; (4) the officers did not have a legal basis to order the plaintiff to remove his hand from his pocket when they approached him; (5) the plaintiff was not actively resisting but instead experienced a "startle response" when the officers grabbed his arm; (6) the plaintiff did not present a threat to the officers before he was handcuffed; and (7) the officers did not have a legal basis to handcuff, detain, or arrest the plaintiff.

The plaintiff concedes that some of the above testimony is inadmissible, specifically evidence that the plaintiff was not committing a crime and evidence that the officers did not have a legal basis to approach the plaintiff or that they approached him improperly. However, the plaintiff contends that evidence criticizing the officers in connection with the other matters is admissible because it forms part of the totality of the circumstances that the officers faced. I disagree. The plaintiff's claims relate to the officers' decisions to use force after the plaintiff was handcuffed. Whether those decisions were reasonable turns on the plaintiff's conduct after he was handcuffed, *i.e.*, whether he

9

was spitting at the officers, trying to kick them, or otherwise resisting arrest. Whether the officers made mistakes prior to when they handcuffed the plaintiff is entirely irrelevant to whether they properly used force in response to the plaintiff's post-handcuffing conduct. For example, whether the officers improperly ordered the plaintiff to remove his hand from his pocket when they first encountered him has no bearing on whether the officers acted reasonably in decentralizing him after the plaintiff spit at them. Thus, any testimony about the propriety of the officers' actions before the handcuffing is inadmissible as irrelevant. The evidence is also inadmissible under Rule 403 because it would present a danger of confusing the jury about the issues to be decided at trial.

I note, however, that this does not mean that evidence that merely narrates the events that occurred prior to the handcuffing is inadmissible. The defendants concede that such evidence is admissible to provide context for what happened next. (ECF No. 79 at 2.) What is inadmissible is opinions or other testimony that criticizes the officers' pre-handcuffing conduct or suggests that the conduct was unlawful. Again, the propriety of the officers' pre-handcuffing conduct is not relevant to any matter in issue, and evidence on that point would present a danger of confusing the issues.

## F. Exclude Evidence Regarding Liability Insurance, Liability Insurance Carriers, and Indemnification Rights

The defendants move to exclude any evidence that the officers or the City of Franklin are insured against § 1983 liability and any evidence that the City of Franklin must pay any judgment entered against the officers under state law. The plaintiff does not argue that evidence of the City of Franklin's duty to indemnify should be admitted, but he contends that evidence of liability insurance should be admitted because he has brought a claim against the insurer under Wisconsin's direct-action statute, Wis. Stat. § 632.24.

10

However, the claim under the direct-action statute is invalid, as the statute applies only when the underlying cause of action is for negligence. *See Johnson v. Sprung*, No. 14-CV-1408, 2016 WL 11663764, at *3 (E.D. Wis. Dec. 21, 2016); *Mombourquette v. Wisconsin Counties Mut. Ins. Corp.*, No. 05-C-748, 2006 WL 1236732, at *1 (W.D. Wis. May 3, 2006). Here, the plaintiff's claim is for violation of 42 U.S.C. § 1983, and therefore the plaintiff has no direct claim against the liability carrier. Moreover, the plaintiff does not contend that evidence of insurance coverage is admissible for any permissible purpose identified in Federal Rule of Civil Procedure 411, and therefore evidence of insurance coverage must be excluded under that rule and under Rule 402 because such evidence is irrelevant.

### G. Remove City of Franklin and League of Wisconsin Municipalities Mutual Insurance from the Caption, Jury Instructions, Verdict, and Exhibits Displayed to the Jury

The defendants contend that, because evidence of insurance coverage and the City of Franklin's duty to pay a judgment entered against the officers is inadmissible, both the insurance carrier (League of Wisconsin Municipalities Mutual Insurance) and the City of Franklin should be removed from the caption of all court papers shown to the jury. The plaintiff responds by stating that the jury has a right to know who the parties are. The plaintiff cites no authority for this proposition, and I am aware of none. The only claims being tried are the claims against the officers in their individual capacities. As noted above, the plaintiff does not have a valid claim against the liability carrier. The jury does not need to know that the plaintiff improperly named it as a party. Further, the jury will not be asked to decide matters relating to the City of Franklin's obligation to pay any judgment entered against the officers under Wis. Stat. § 895.46. For these reasons, any references

11

to the liability carrier or the City of Franklin as parties to this case would only create a danger of confusing the jury. I will therefore grant this motion in limine and require that the liability carrier and the City of Franklin be removed from the caption of any court documents shown to the jury.

**H.    Miscellaneous Undisputed Motions**

The plaintiff does not oppose several of the defendants' motion in limine. In this section, I will identify the undisputed motions to confirm that they will be granted: (1) precluding "Golden Rule" and similar arguments; (2) exclude testimony, evidence, and references to other law enforcement cases, protests, movements, and organizations; (3) require the parties to identify and disclose, prior to opening statements, demonstrative evidence intended to be used during opening statements; (4) preclude statements from counsel regarding the credibility of evidence; (5) sequester nonparty witnesses; (6) preclude testimony, evidence, or argument regarding prior lawsuits, claims, and complaints; and (7) preclude any mention of settlement offers or negotiations.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to exclude evidence of his criminal convictions (ECF No. 54) is **GRANTED**. The defendants' corresponding motion to admit evidence of the convictions (ECF No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to exclude evidence concerning his personal life and job history (ECF No. 54) is **GRANTED IN PART** and **DENIED IN PART**, as explained above.

**IT IS FURTHER ORDERED** that the defendants' motion to exclude evidence concerning the City of Franklin Police Department's internal policies and procedures (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to exclude evidence concerning events unknown to the officers (ECF No. 43) is **GRANTED IN PART** and **DENIED IN PART**, as explained above.

**IT IS FURTHER ORDERED** that the defendants' motion to exclude evidence or opinions critical of the officers' pre-handcuffing conduct (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to exclude evidence regarding liability insurance or indemnification rights (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to remove the City of Franklin and the League of Wisconsin Municipalities Mutual Insurance from the caption, jury instructions, verdict form, and exhibits displayed to the jury (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motions in limine identified as undisputed in Part H of this opinion are **GRANTED**.

**FINALLY, IT IS ORDERED** that the plaintiff's motion to strike defendants' briefs for exceeding the page limit (ECF No. 60) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2022.

s/Lynn Adelman<br>LYNN ADELMAN<br>United States District Judge